**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4416**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

WALTER EUBAKA BOYD,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:17-cr-00278-TDS-1)

Submitted: December 20, 2018                    Decided: December 26, 2018

Before DIAZ and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Greensboro, North Carolina, Mireille P. Clough, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter Eubaka Boyd appeals the 120-month sentence imposed following his guilty plea to possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g) (2012). On appeal, Boyd raises two claims for relief: (1) that the district court erred in imposing a Sentencing Guidelines enhancement for possessing a firearm in connection with another felony offense, *see* U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2016); and (2) that the district court imposed a substantively unreasonable sentence. Finding no reversible error, we affirm.

We review a sentence for reasonableness, "appl[ying] a deferential abuse-of-discretion standard." *United States v. Ketter*, 908 F.3d 61, 67 (4th Cir. 2018) (internal quotation marks omitted). We first must "ensure that the district court committed no significant procedural error," such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or inadequately explaining the sentence imposed. *Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentence is free from significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* "Federal sentencing law requires the district judge in every case to impose 'a sentence sufficient, but not greater than necessary, to comply with' the purposes of federal sentencing, in light of the Guidelines and other [sentencing] factors." *Freeman v. United States*, 564 U.S. 522, 529 (2011) (quoting 18 U.S.C. § 3553(a)).

With respect to Boyd's Guidelines challenge, "it is unnecessary to vacate a sentence based on an asserted [G]uidelines calculation error if we can determine from the

2

record that the asserted error is harmless." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.), *cert. denied*, 138 S. Ct. 208 (2017). Under this "assumed error harmlessness inquiry," "[a] Guidelines error is considered harmless if we determine that (1) the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted).

Our review of the record reveals that any error in Boyd's USSG § 2K2.1(b)(6)(B) enhancement is harmless. The district court clearly and expressly stated that it would have varied upward to impose the same sentence, even if it had sustained Boyd's Guidelines objections. This alternative variant sentence readily satisfies the first prong of the assumed error harmlessness inquiry.

Turning to the second prong, we conclude that Boyd's 120-month sentence is substantively reasonable. The district court provided a thorough explanation for the sentence it imposed, grounded in the relevant § 3553(a) factors. The court acknowledged Boyd's argument in mitigation, particularly his mental health history, but declined his invitation to vary downward, instead relying largely on his offense conduct and criminal history to conclude that a statutory maximum sentence was warranted. The court detailed the dangerous nature of Boyd's offense and his lengthy history of numerous prior convictions, many of which were for weapons offenses. Concluding that Boyd had not been deterred by multiple prior firearm convictions, the court grounded its sentence in the need to impose just punishment, to promote respect for the law, and to protect the public

from future crimes Boyd might commit. Because we conclude that these compelling considerations support the sentence Boyd received, notwithstanding his arguments in mitigation, we conclude that any error in the Guidelines calculation was harmless. For the same reason, we reject Boyd's challenge to the substantive reasonableness of his sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*