**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4546**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROLLIN ANTHONY OWENS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:17-cr-00346-NCT-1)

Submitted:  April 4, 2019                           Decided:  April 9, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Greensboro, North Carolina, Mireille P. Clough, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rollin Anthony Owens, Jr., pled guilty to one count of kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (2012), and two counts of kidnapping a minor, in violation of 18 U.S.C. §§ 1201(a)(1), (g), 3559(f)(2) (2012). The district court found Owens' Sentencing Guidelines range to be 300 to 327 months' imprisonment, and sentenced Owens to 380 months' imprisonment. On appeal, Owens argues that his upward-variant sentence is substantively unreasonable. We affirm.

We review a sentence for reasonableness under "a deferential abuse-of-discretion standard." *United States v. Ketter*, 908 F.3d 61, 67 (4th Cir. 2018) (internal quotation marks omitted). In reviewing a claim of substantive unreasonableness, we must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). In considering the extent of the variance, however, we "must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance," *id.*, because "district courts have extremely broad discretion when determining the weight to be given each" § 3553(a) factor, *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011).

Here, the district court "properly considered and fully explained its decision pursuant to the factors set forth in 18 U.S.C. § 3553(a)," including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, and the need to protect the public from further crimes. *United States v. Diosdado-Star*, 630 F.3d 359, 367 (4th Cir. 2011). The court also considered and

2

explained its rejection of Owens' arguments for a lesser sentence. *See United States v. Ross*, 912 F.3d 740, 744-45 (4th Cir. 2019). We therefore discern no abuse of discretion.

We affirm Owens' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*