**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4602**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORY RAY CHRISTIE, a/k/a Corey Ray Christie,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:17-cr-00016-RMG-1)

Submitted: March 28, 2019                    Decided: April 16, 2019

Before NIEMEYER, KING, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jill E.M. HaLevi, MEDIATION & LEGAL SERVICES, LLC, Charleston, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Emily Evans Limehouse, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cory Ray Christie pled guilty, without a written plea agreement, to bank robbery by force, violence, and intimidation, in violation of 18 U.S.C. § 2113(a) (2012). On appeal, Christie argues that his resulting 240-month sentence is substantively unreasonable.

At the time Christie committed the charged offense, he was serving a term of supervised release following a 137-month term of imprisonment for 16 bank robbery convictions. Based on numerous previous convictions for bank robbery, the probation officer classified Christie as a career offender. With a total offense level of 26 and a criminal history category of VI, Christie's advisory Guidelines range was 120 months to 150 months. *See* U.S. Sentencing Guidelines Manual ch. 5, pt. A (sentencing table) (2016).

Before the sentencing hearing, the district court notified the parties that it was considering an upward variance from the Sentencing Guidelines range. At the hearing, after adopting the presentence report with minor changes not relevant here, the court varied upward and sentenced Christie to 240 months' imprisonment, followed by 3 years of supervised release. Although it acknowledged Christie's arguments for mitigation, the court explained that it did not consider the offense level established by the Guidelines sufficient "to administer justice fairly, responsibly" while still "protect[ing] the public . . . from further crimes." (J.A. 43).

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. Ketter*, 908 F.3d 61, 67 (4th Cir. 2018) (internal

quotation marks omitted). We must first "ensure that the district court committed no significant procedural error," such as improperly calculating the Guidelines range, inadequately considering the sentencing factors, or insufficiently explaining the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). If we find no procedural error, we also must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). To be substantively reasonable, the selected sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a).

In determining whether Christie's above-Guidelines sentence is substantively reasonable, we "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation marks omitted).

"The farther the court diverges from the advisory [G]uideline[s] range, the more compelling the reasons for the divergence must be." *United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006). However, because our review is ultimately for an abuse of discretion, we accord "due deference to the district court's decision that the § 3553(a)

3

factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017). "This deference is due in part because the sentencing judge is in a superior position to find facts and judge their import and the judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *United States v. Diosdado-Star*, 630 F.3d 359, 366 (4th Cir. 2011) (alterations and internal quotation marks omitted). Thus, even if we "might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Zuk*, 874 F.3d at 409 (alterations and internal quotation marks omitted).

Here, the district court carefully analyzed the § 3553(a) factors, focusing particularly on the need to promote respect for the law, provide just punishment for the offense, and—most importantly—afford an adequate deterrent to criminal conduct and protect the public from further crimes. Although Christie's sentence represented a substantial upward variance, we find that the court did not abuse its "extremely broad discretion" in weighing the § 3553(a) factors. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4