**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4351**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

ERIC TROY SNELL,

          Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge.  (1:17-cr-00602-CCB-1)

Submitted:  July 23, 2020                       Decided:  July 27, 2020

Before WILKINSON, MOTZ, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael F. Smith, SMITH APPELLATE LAW FIRM, Sykesville, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Derek E. Hines, Assistant United States Attorney, Leo J. Wise, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Troy Snell appeals the 108-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2018). Snell, a Philadelphia police officer, conspired with members of the Baltimore Police Department to sell illegal narcotics that Snell's coconspirators seized in their official law enforcement capacity. On appeal, Snell contends that the district court erred in applying a two-level sentencing enhancement for obstruction of justice, pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (2018), and an additional two-level enhancement for possession of dangerous weapons, pursuant to USSG § 2D1.1(b)(1). Snell further contends that the district court erred by not applying a downward adjustment, pursuant to USSG § 3E1.1, for acceptance of responsibility. Finding no reversible error, we affirm.

We "review[] a sentence for reasonableness, . . . appl[ying] a deferential abuse-of-discretion standard." *United States v. Ketter*, 908 F.3d 61, 67 (4th Cir. 2018) (internal quotation marks omitted). We first "must ensure that the district court committed no significant procedural error," such as improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2018) sentencing factors, or inadequately explaining the sentence imposed. *Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentence is free from significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.*

"[I]t is unnecessary to vacate a sentence based on an asserted [G]uidelines calculation error if we can determine from the record that the asserted error is harmless."

2

*United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017). We therefore "proceed directly to an 'assumed error harmlessness inquiry.'" *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted).

> A Guidelines error is considered harmless if we determine that (1) the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor.

*Id.* (internal quotation marks omitted).

Our review of the record reveals that any error by the district court in calculating the Guidelines range is harmless. The court expressly stated that even if it had incorrectly calculated the Guidelines range, it would have imposed the same 108-month sentence. This alternative variant sentence readily satisfies the first prong of the assumed error harmlessness inquiry.

Turning to the second prong, we conclude that Snell's 108-month sentence is substantively reasonable. The district court provided a thorough explanation for the sentence it imposed, grounded in the relevant § 3553(a) factors. The court acknowledged Snell's mitigating arguments, including his remorse, his lack of criminal history, his family's support, and his role as a provider for his family. However, the court declined Snell's invitation to vary downward based on the conditions of his detention facility and instead—granting a request from the Government—varied upward and imposed the chosen 108-month sentence, relying largely on the seriousness of the offense and the violation of the public trust that occurs when police officers engage in an illegal drug conspiracy. Because we conclude that these compelling considerations support the sentence Snell

received, notwithstanding his arguments in mitigation, we conclude that any error in the Guidelines calculation is harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*