**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4229**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DARYL W. SMITH, a/k/a D-Nice,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  John Preston Bailey, District Judge.  (1:03-cr-00039-JPB-JPM-9)

Submitted:  February 5, 2021                Decided:  February 17, 2021

Before NIEMEYER and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Brendan S. Leary, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Wheeling, West Virginia, for Appellant.  David J. Perri, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daryl W. Smith seeks to appeal the 18-month term of imprisonment imposed upon the revocation of his supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning the reasonableness of Smith's sentence but stating that there are no meritorious issues for appeal. Although advised of his right to file a supplemental pro se brief, Smith has not done so. During the pendency of this appeal, Smith was released from federal custody.

To maintain our subject matter jurisdiction over an appeal, "an actual controversy must be extant at all stages of review, not merely at the time the [appeal] is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotation marks omitted). "When a case or controversy ceases to exist—either due to a change in the facts or the law—the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (internal quotation marks omitted). "Because mootness is jurisdictional, we can and must consider it even if neither party has raised it." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018).

Smith already has served his prison term and faces no further term of supervised release. Because the record suggests no collateral consequences from his expired prison term, there is no longer a live controversy regarding the length of his sentence. Smith's challenge to his revocation sentence is therefore moot. *See United States v. Hardy*, 545 F.3d 280, 283-85 (4th Cir. 2008).

Accordingly, we dismiss the appeal for lack of jurisdiction. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious

grounds for appeal.  This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review.  If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Smith.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*