**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4467**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

KENNETH J. JONES,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.   Robert G. Doumar, Senior
District Judge.  (2:14-cr-00176-RGD-DEM-1)

Submitted: March 30, 2016          Decided: April 25, 2016

Before KEENAN and FLOYD, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Geremy C. Kamens, Acting Federal Public Defender, Frances H.
Pratt, Richard J. Colgan, Assistant Federal Public Defenders,
Alexandria, Virginia, for Appellant.  Dana J. Boente, United
States Attorney, Joseph Kosky, Kathleen Doughterty, Assistant
United States Attorneys, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth J. Jones pled guilty to one count of knowingly making a false statement when attempting to purchase a firearm, in violation of 18 U.S.C. § 924(a)(1)(A) (2012). Based on a criminal history category of V, Jones' advisory Sentencing Guidelines range was 4 to 10 months' imprisonment. The district court sentenced Jones to 10 months' imprisonment followed by a three-year term of supervised release. Jones completed the custodial portion of his sentence on November 21, 2015, and is currently serving his term of supervised release. Jones' sole contention on appeal is that the district court's miscalculation of his criminal history category constituted plain error. The Government responds that the expiration of Jones' custodial sentence moots his appeal. We agree.

Mootness is a threshold issue that "goes to the heart of the Article III jurisdiction of the courts." Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (internal quotation marks omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). To satisfy Article III's case or controversy requirement, "a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983).

2

Redressability is present if it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (internal quotation marks omitted).

Jones does not challenge his conviction. Instead, he posits that resentencing is warranted so that, if he is resentenced to a period shorter than 10 months, he can receive credit from the Bureau of Prisons toward any future sentence he might serve. He further contends that the miscalculation of his criminal history category affects the determination of the advisory term of imprisonment that he would face should he be found in violation of the conditions of his supervised release.

Within the context of challenges to a defendant's imprisonment, "once the convict's sentence has expired some concrete and continuing injury other than the now-ended incarceration or parole—some collateral consequence of the conviction—must exist if the suit is to be maintained." United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008) (alterations and internal quotation marks omitted). Jones, having completed the term of imprisonment he seeks to challenge on appeal, "bears the burden of demonstrating collateral consequences sufficient to meet Article III's case-or-controversy requirement." Id. at 284 (internal quotation marks omitted).

Because Jones already has served his term of imprisonment, there is no longer a live controversy regarding the length of his confinement. Therefore, his challenge to the district court's decision to impose the 10-month prison term is moot. See Hardy, 545 F.3d at 284 (dismissing appeal of revocation sentence as moot because Hardy had completed serving his sentence and failed to identify any collateral consequence).

To the extent that Jones argues that the alleged error could affect future proceedings, the case-or-controversy requirement may not be satisfied by the speculation that a respondent will commit an additional crime and, as a result, serve a future sentence of imprisonment. As stated by the Supreme Court, "Respondents themselves are able-and indeed required by law-to prevent such a possibility from occurring." Lane v. Williams, 455 U.S. 624, 632 n.13 (1982); accord Spencer v. Kemna, 523 U.S. 1, 15 (1998); see also O'Shea v. Littleton, 414 U.S. 488, 497 (1974) ("[W]e are . . . unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction . . . ."). Because Jones fails to identify a collateral consequence that is not dependent on the commission of another

4

crime, we dismiss this appeal as moot.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>
