**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7304**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CHARLES ALLEN HALL,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Martin K. Reidinger, District Judge. (3:09-cr-00019-MR-1; 3:13-cv-00592-MR)

Submitted: March 31, 2017          Decided: April 7, 2017

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Ross Hall Richardson, Interim Defender, Joshua B. Carpenter, Appellate Chief, FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF NORTH CAROLINA, Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Allen Hall appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. The court granted a certificate of appealability on one issue presented in that motion: whether South Carolina third-degree burglary, S.C. Code Ann. § 16-11-313 (2015), and North Carolina aiding and abetting assault with a deadly weapon on a police officer, N.C. Gen. Stat. § 14-34.2 (2015), were properly treated as violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2012) (ACCA). Under the ACCA, a defendant who violates 18 U.S.C. § 922(g)(1) (2012) and has three or more prior convictions of serious drug offenses or violent felonies is subject to a mandatory minimum sentence of 15 years. 18 U.S.C. § 924(e)(1). We conclude that, because South Carolina third-degree burglary sweeps more broadly than generic burglary, it cannot serve as an ACCA predicate felony, and Hall accordingly was improperly sentenced as an armed career criminal. We therefore vacate the decision of the district court and remand for resentencing.[*]

I

Hall was convicted in 2009 of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). He objected to his classification as an armed career criminal; however, the district court overruled the objection and sentenced Hall to 188 months in prison. We

---

[*] We do not address whether the North Carolina assault conviction qualifies as an ACCA predicate.

2

affirmed, rejecting Hall's assertion that he did not have the requisite prior convictions for ACCA status. *United States v. Hall*, 495 F. App'x 319, 326-28 (4th Cir. 2012).

In his § 2255 motion, Hall alleged ineffective assistance of counsel and that he was improperly sentenced as an armed career criminal. Specifically, he claimed that neither the South Carolina third-degree burglary conviction nor the North Carolina assault conviction was a violent felony under the ACCA. The district court denied the motion to vacate. With respect to Hall's ACCA claims, the court held that both convictions qualified as violent felonies.

This appeal followed. The only issue raised on appeal is whether Hall was properly sentenced as an armed career criminal. The United States agrees that South Carolina third-degree burglary is not a violent felony and that Hall is entitled to sentencing relief under § 2255.

II

The ACCA defines a "violent felony" as a felony that:

(i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . .

18 U.S.C. § 924(e)(2)(B). Subsection (e)(2)(B)(i), which is commonly referred to as the "force clause," applies only to crimes that involve "*violent* force—that is, force that is capable of causing physical pain or injury to another person." *United States v. Gardner*, 823 F.3d 793, 803 (4th Cir. 2016) (internal quotation marks omitted). Subsection (e)(2)(B)(ii) consists of both the "enumerated offense clause" and the "residual clause."

The latter clause is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2558 (2015). *Johnson* did not invalidate either the force clause or the enumerated offense clause. *Id.* at 2563.

> To decide if a prior offense is an enumerated offense, courts generally use:
>
> the "categorical approach": They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic" crime—*i.e.,* the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense.

*Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). "The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). If, however, a statue is "divisible," meaning that it "list[s] elements in the alternative, and thereby define[s] multiple crimes," courts use the "modified categorical approach." *Id.* at 2249. "Under that approach, a sentencing court looks to a limited class of documents . . . to determine what crime, with what elements, a defendant was convicted of. . . . The court can then compare that crime . . . with the relevant generic offense." *Id.*

Our first task is to compare South Carolina third-degree burglary with the generic definition of burglary. "A person is guilty of burglary in the third degree if the person enters a building without consent and with intent to commit a crime therein." S.C. Code Ann. § 16-11-313 (2015). "Building" is defined to include "any structure, vehicle, watercraft, or aircraft." S.C. Code Ann. § 16-11-310(1) (2015). Generic burglary is the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Descamps*, 133 S. Ct. at 2283 (internal quotation marks omitted).

4

*Mathis* is dispositive in this case. In *Mathis*, the defendant was sentenced as an armed career criminal based on prior Iowa convictions of burglary. *Mathis v. United States*, 136 S. Ct. at 2250. The burglary statutes at issue in *Mathis* define burglary to include unprivileged entry into an "occupied structure." Iowa Code Ann. §§ 713.3, 713.5 (2015) (burglary in the first degree; burglary in the second degree, respectively). An "occupied structure," in turn, is defined to include "any building, structure, appurtances to buildings and structures, land, water or air vehicle, or similar place. . . ." Iowa Code Ann. § 702.12 (2015).

The Supreme Court observed that the locations listed in § 702.12 "are not alternative elements, going toward the creation of separate crimes. To the contrary, they lay out alternative ways of satisfying a single locational element." *Mathis*, 136 S. Ct. at 2250. The Iowa burglary statute therefore is not divisible because it "defines one crime, with one set of elements, broader than generic burglary." *Id.* Because "the elements of Mathis's crime of conviction (Iowa burglary) cover a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary), that . . . disparity resolve[d the] case." *Id.* at 2251. The Court held that Mathis's burglary convictions could not serve as ACCA predicates. *Id.*

Under *Mathis*, Hall's conviction of third-degree burglary cannot serve as a predicate felony under the ACCA. As with the Iowa statute, the South Carolina statute covers unlawful entry into not only buildings but also vehicles, watercraft, and aircraft. The South Carolina statute, like the Iowa statute, is not divisible because these are not alternative elements of the offense; instead, they are alternative means of satisfying the locational

5

element of third-degree burglary. Application of the categorical approach compels the conclusion that the South Carolina statute sweeps more broadly than generic burglary and cannot serve as a predicate ACCA felony.

III

We hold that Hall did not have the requisite three prior felonies to qualify as an armed career criminal. Accordingly, we vacate the district court's order and remand for resentencing. The motion to expedite is denied as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*