**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4267

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHELTON DEMOND KETTER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Chief District Judge. (4:09-cr-00851-TLW-1)

Argued: September 27, 2018                     Decided: November 8, 2018

Before GREGORY, Chief Judge, and MOTZ, Circuit Judge, and William L. OSTEEN, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.

Affirmed by published opinion. Judge Motz wrote the opinion, in which Chief Judge Gregory and Judge Osteen joined.

**ARGUED:** Kimberly Harvey Albro, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Carrie Fisher Sherard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee. **ON BRIEF:** Beth Drake, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

DIANA GRIBBON MOTZ, Circuit Judge:

After a jury in 2010 found Shelton Demond Ketter guilty of being a felon in possession of a firearm, the district court applied the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), to sentence him to 192 months' imprisonment and five years of supervised release. Following Ketter's successful challenge to his sentence as contrary to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), the court resentenced him to imprisonment for time served, followed by two years of supervised release to expire in April 2019. Ketter appeals, challenging his sentence as procedurally and substantively unreasonable. After rejecting the Government's contention that the case is moot, we affirm the judgment of the district court.

I.

When the district court originally sentenced Ketter, he had two prior convictions for South Carolina second-degree burglary. Pursuant to then-controlling law, these prior crimes provided the basis for finding him an "armed career criminal" under the ACCA's residual clause. This subjected him to a mandatory minimum sentence of fifteen years' imprisonment with a Guidelines range of three to five years of supervised release. U.S.S.G. § 5D1.2(a)(1) (Nov. 2009).

After holding the ACCA's residual clause unconstitutional in *Johnson*, the Supreme Court held in *Welch* that *Johnson* announced a substantive rule that applied retroactively to cases on collateral review. *Welch*, 136 S. Ct. at 1268. In response to

2

these holdings, Ketter filed an amended petition to correct his sentence under 28 U.S.C. § 2255. He maintained, and the Government agreed, that *Johnson* and *Welch* established that he no longer qualified as an armed career criminal.

On May 16, 2016, the parties jointly moved for expedited resentencing. Six months later, Ketter moved for immediate resentencing. Unclear as to whether *Mathis v. United States*, 136 S. Ct. 2243 (2016), applied retroactively on collateral review, the district court ordered additional briefing on the issue. The parties agreed that it did. The court then set the case for resentencing but discovered that a pending Fourth Circuit case, *United States v. Hall,* 684 F. App'x 333, 335–36 (4th Cir. 2017), presented the precise question regarding the applicability of *Mathis*. The Fourth Circuit issued its opinion in *Hall* on April 7, 2017. Two days later, the district court granted the motion and resentenced Ketter.

At this point, Ketter had served approximately 90 months in prison. The new presentence investigation report, to which neither party objected, recommended a Guidelines range of 27 to 33 months of imprisonment and 1 to 3 years of supervised release. The district court, stating it had "considered the 3553(a) factors," including offense conduct and criminal history, resentenced Ketter to time served (90 months) with two years of supervised release. The court explained that Ketter had served "some 53 months above [the] guideline range," and found this "the basis . . . to have him serve two years of supervised release."

Ketter's counsel objected to the sentence, contending that the time-served sentence amounted to an improper upward variance and was substantively unreasonable. The

3

Government countered that a time-served sentence "serve[d] the exact same purpose as the guideline sentence." The district court adhered to its sentence. In its Statement of Reasons, the court checked a box indicating that the sentence was "within the guideline range," and did not check any box signaling a departure or variance.

This appeal followed.

## II.

Although neither the Government nor Ketter raised the question, we directed the parties to file supplemental briefs addressing possible mootness, given that Ketter has completed his term of imprisonment. Because mootness is jurisdictional, we can and must consider it even if neither party has raised it. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

"A case becomes moot — and therefore no longer a 'Case' or 'Controversy' for purposes of Article III — when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted). "The mootness doctrine, however, constitutes a relatively weak constraint on federal judicial power . . . ." *United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013). "A case becomes moot only when it is *impossible* for a court to grant *any* effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (emphasis added) (internal quotation marks omitted).

4

The Government argues that the mootness analysis announced in *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), which we applied in *United States v. Hardy*, 545 F.3d 280 (4th Cir. 2008), renders Ketter's appeal moot. In *Spencer*, the Supreme Court held that a defendant's challenge to incarceration for a parole revocation became moot as soon as he served his revoked term of imprisonment. The Court explained that to avoid mootness, "some concrete and continuing injury other than the now-ended incarceration . . . must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7. Similarly, in *Hardy*, 545 F.3d at 232, we held an appeal moot when appellant had already served his term of imprisonment and had "no supervised release to follow." Relying on *Spencer*, *Hardy*, and several unreported opinions from this court, *see, e.g.*, *United States v. Jones*, 639 F. App'x. 184 (4th Cir. 2016), the Government argues that Ketter's claim of error became moot as soon as he completed his term of incarceration, notwithstanding that he continues to serve his term of supervised release.

Ketter contends that we cannot treat the custodial and supervised release portions of his sentence separately. He maintains that such a sentence is unitary. Accordingly, he argues that he can mount a challenge to his sentence even after incarceration has ceased, because he continues to serve a term of supervised release.

We agree with Ketter that he received a unitary sentence and that a challenge to that sentence presents a live controversy, even though he has served the custodial portion of that sentence. Treating custodial and supervised release terms as components of one unified sentence appropriately recognizes the interdependent relationship between incarceration and supervised release. "[T]he term of supervised release, the revocation of

5

that term, and any additional term of imprisonment imposed for violating the terms of the supervised release are all part of the original sentence." *United States v. Evans*, 159 F.3d 908, 913 (4th Cir. 1998); *see also United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996) (describing supervised release as "an authorized part of the original sentence").

Incarceration and supervised release constitute complementary tools employed by judges when crafting an appropriate sentence, and judges consider the same factors when setting terms for each. 18 U.S.C. § 3583(c). Because of the reciprocal relationship between a prison sentence and a term of supervised release, even when a prison term has ceased, a defendant serving a term of supervised release has a "legally cognizable interest in the outcome" of a challenge to his sentence. *Already, LLC*, 568 U.S. at 91 (internal quotation marks omitted). Although the underlying prison sentence has been served, a case is not moot when an associated term of supervised release is ongoing, because on remand a district court *could* grant relief to the prevailing party in the form of a shorter period of supervised release.

Neither *Spencer* nor *Hardy* support a contrary holding. Neither case suggests that an appeal by a defendant still serving his supervised release sentence is moot because he is no longer imprisoned. *Spencer* and *Hardy* simply hold that a challenge to a sentence is moot when the *entire* sentence (including any supervised release or parole) has been served.

Eight of our sister circuits have applied the unitary-sentence approach that we adopt today. *See United States v. Hulen*, 879 F.3d 1015, 1018 (9th Cir. 2018); *United States v. Albaadani*, 863 F.3d 496, 502–03 (6th Cir. 2017); *United States v. Montoya*, 861

6

F.3d 600, 603 n.2 (5th Cir. 2017); *United States v. Carter*, 860 F.3d 39, 43 (1st Cir. 2017); *In re Sealed Case*, 809 F.3d 672, 674–75 (D.C. Cir. 2016); *United States v. Vera-Flores*, 496 F.3d 1177, 1180 (10th Cir. 2007); *United States v. Blackburn*, 461 F.3d 259, 262 (2d Cir. 2006); *United States v. Larson*, 417 F.3d 741, 747 (7th Cir. 2005).[1]  These courts have explained that "[a]n appeal of a sentence is not moot where success on the appeal could alter the length or conditions of the supervised release portion of the defendant's sentence."  *Hulen*, 879 F.3d at 1018.  We agree.

In this case, the district court sentenced Ketter to two years of supervised release within the guideline range of one to three years.  *See* U.S.S.G. § 5D1.2(a)(2).  Thus, "the district court . . . retain[s] the discretion to reduce the sentence of supervised release on remand," and so an appeal of the sentence is not moot.  *Albaadani*, 863 F.3d at 502 (internal quotation marks omitted).

---

[1] A Sixth Circuit panel in an unpublished opinion recently rejected a challenge to a time-served resentencing under a divisible-sentence theory.  *See United States v. Perotti*, 702 F. App'x. 322 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 1280 (2018).  That opinion, however, contradicts Sixth Circuit law, *see Albaadani*, 863 F.3d at 502–03, and was recently criticized in another published Sixth Circuit decision, *United States v. Nichols*, 897 F.3d 729, 736 (6th Cir. 2018).  In fact, only one circuit that has faced this precise issue has departed from the unified-sentence approach, and even that departure was equivocal.  The Third Circuit adopted a divisible-sentence approach in theory, but in practice found the mere "possibility of a credit . . . against a term of supervised release" to constitute a "collateral consequence[]" that avoided mootness.  *See United States v. Jackson*, 523 F.3d 234, 241 (3d Cir. 2008).

III.

Having concluded that Ketter's appeal presents a live controversy, we turn to the merits of that appeal.

Ketter challenges his time-served prison sentence as both procedurally and substantively unreasonable. He acknowledges that a defendant has no *entitlement* to credit his overserved custodial time against his term of supervised release. *See United States v. Johnson,* 529 U.S. 53, 59 (2008). But he asks that we remand his case so that the district court can explain its deviation from his Guidelines range of 27 to 33 months and imposition of a sentence to the 90 months of "time served." According to Ketter, only this will allow the district court, if it chooses, to "provide credit for time overserved by providing a reduction in the term of supervised release."

In reviewing a sentence for reasonableness, this court applies a "deferential abuse-of-discretion standard." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). The government does not argue for a different standard at resentencing. Under this standard, as the Government conceded at oral argument, the district court's imposition of a time-served sentence amounted to an unexplained variance from the Guidelines and so constituted procedural error. *See Gall*, 552 U.S. at 51 (noting that a sentencing court must explain "any deviation from the Guidelines range").

The record, however, conclusively demonstrates that any error was harmless. This is so because, although the court did not explain its variance, it expressly recognized that Ketter had "overserved his time." And in light of that "overserved" time, the court

8

significantly reduced the period of Ketter's supervised release from five years to two years — one year below Ketter's new statutory maximum, 18 U.S.C. § 3583(b)(2), and within the range counseled by the Guidelines, U.S.S.G. § 5D1.2(a)(2). In doing so, the court explained that the fact that Ketter had served a prison term "some 53 months above [the] guideline range" provided "the basis" for this reduced term of supervised release. Thus, the district court fully and expressly accounted for Ketter's overserved time in determining his prospective sentence of supervised release. Further, any error did not have the practical effect of prolonging Ketter's incarceration by even one day.

Accordingly, any error did not "affect [Ketter's] substantial rights" and so was harmless. Fed. R. Crim. P. 52(a); *see, e.g.*, *United States v. Nyman*, 649 F.2d 208, 211–12 (4th Cir. 1980) (applying Rule 52(a) harmless-error standard). The harmless error doctrine "promotes public respect for the criminal process by focusing on the underlying fairness" of a proceeding. *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986). This prudential analysis considers whether an error so affected the proceedings as to unfairly influence the outcome. The inquiry diverges from the jurisdictional question of mootness, which (as we have explained) asks only whether the possibility of relief is so remote and speculative as to obviate any case or controversy.

In sum, although Ketter's appeal is not moot because the challenge to his prison term *could* alter the length of his ongoing supervised release term, any error was harmless

9

because it did not *in fact* affect his substantial rights.[2]  Thus, Ketter's appeal fails, like those of other litigants in his position.  *See, e.g.*, *In re Sealed Case*, 809 F.3d at 675–76; *see also Blackburn*, 461 F.3d at 268 (Sotomayor, J., dissenting) ("Given the majority's acknowledgment that the district court *could* resentence Blackburn to a reduced supervised-release term, its ultimate conclusion should be not that the case is moot, but that any error . . . was harmless.").[3]

IV.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED*.

---

[2] This is not to say that a sentence of time served can never affect substantial rights.  *Cf. Nichols*, 897 F.3d at 734 (finding reversible error where unreasonable time-served sentence, in combination with other sentences to be served consecutively, prolonged incarceration).

[3] Although then-Judge Sotomayor would have reviewed the defendant's sentence for harmless error, she would ultimately not have found the error harmless because the record did not "reflect the district court's unambiguous intent to impose" the same term of supervised release "notwithstanding a potential error in calculating [the] Guidelines range." *Blackburn*, 461 F.3d at 270.  Based on the unambiguous record in this case, we reach the opposite conclusion.