**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7565**

JERMAINE DONNELL KORNEGAY,

                Petitioner - Appellant,

      v.

WARDEN, FCI BUTNER, Gerri Levister; US BUREAU OF PRISONS, Butner, NC,

                Respondents - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:12-hc-02211-F)

Submitted:  January 14, 2019                  Decided:  January 17, 2019

Before WILKINSON and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jermaine Donnell Kornegay, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Donnell Kornegay appeals the district court's order denying relief on his 28 U.S.C. § 2241 (2012) petition. The district court held, consistent with then-existing precedent, that Kornegay could not challenge his sentence in a 28 U.S.C. § 2241 petition. We have recently concluded, however, that a § 2241 petition may be used to challenge a sentence under certain circumstances. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (establishing 4-factor test), *petition for cert. filed*, 87 U.S.L.W. 3152 (U.S. Oct. 3, 2018) (No. 18-420). And more recently, we extended the holding in *Wheeler* to allow a challenge to a career offender sentence, imposed under the mandatory sentencing Guidelines. *Lester v. Flournoy*, 909 F.3d 708, 716 (4th Cir. 2018). Because Kornegay fails to meet the test we established in *Wheeler*, however, we affirm.[*]

In *Lester*, we noted that *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), "undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines." 909 F.3d at 715. That is because *Foote* bars a challenge to a trial court's misapplication of the advisory Guidelines under 28 U.S.C. § 2255 (2012). *Id.* Although the district court sentenced Kornegay in the pre-*Booker* era (*United States v. Booker*, 543 U.S. 220 (2005)), it imposed the same 209-month sentence as an alternative sentence considering the Guidelines as advisory, as suggested by this Court's decision in *United States v. Hammoud*, 381 F.3d 316, 353-54 (4th Cir. 2004), *vacated*, 543 U.S. 1097

---

[*] Although Kornegay has completed his term of incarceration, his case is not moot, as he remains on supervised release. *United States v. Ketter*, 908 F.3d 61, 65-66 (4th Cir. 2018).

2

(2005).  Thus, Kornegay was sentenced under the advisory Guidelines and *Foote* bars his petition.

Accordingly, we affirm.  We grant leave to proceed in forma pauperis and grant Kornegay's motion to file supplemental pleadings.  We deny his motion for appointment of counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*