**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4279**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYSHAWN TORRELL GREER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:19-cr-00052-D-1)

Submitted:  September 17, 2020                    Decided:  September 22, 2020

Before WYNN and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rayshawn Torrell Greer seeks to appeal the six-month term of imprisonment imposed upon the revocation of his supervised release. On appeal, he argues that his sentence is plainly substantively unreasonable. During the pendency of this appeal, Greer was released from federal custody.

To maintain our subject matter jurisdiction over an appeal, "an actual controversy must be extant at all stages of review, not merely at the time the [appeal] is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotation marks omitted). "When a case or controversy ceases to exist—either due to a change in the facts or the law—the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (internal quotation marks omitted). "Because mootness is jurisdictional, we can and must consider it even if neither party has raised it." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018).

Greer already has served his six-month prison term and faces no further term of supervised release. As the record suggests no collateral consequences from his expired prison term, there is no longer a live controversy regarding the length of his sentence. Greer's challenge to his revocation sentence is therefore moot. *See United States v. Hardy*, 545 F.3d 280, 283-85 (4th Cir. 2008).

Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

2