UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-4664

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERON LEE MACKIE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:14-cr-00183-MOC-1)

Submitted:  September 14, 2021                                    Decided:  September 17, 2021

Before THACKER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ross Hall Richardson, Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. William T. Stetzer, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deron Lee Mackie pled guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), and was sentenced to a total term of 57 months' imprisonment, followed by three years of supervised release.[*]  Mackie's only claim on appeal is that Hobbs Act robbery does not qualify as a proper predicate for the § 924(c) charge under § 924(c)(3)'s "force clause" after *Johnson v. United States*, 576 U.S. 591 (2015) (holding that "residual clause" of Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague), and *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319, 2336 (holding that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague).  We affirm.

Although Mackie is correct that the "residual clause" of § 924(c)(3) is unconstitutionally vague, his argument otherwise is foreclosed by binding precedent, *see United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding that Hobbs Act robbery categorically qualifies as "crime of violence" under the "force clause" of § 924(c)(3)).  Accordingly, we affirm the criminal judgment.  We dispense with oral argument because he facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Mackie has been released from prison and is serving his term of supervised release. Accordingly, his challenge to the district court's judgment is not moot.  *See United States v. Ketter*, 908 F.3d 61, 66 (4th Cir. 2018) ("Although the underlying prison sentence has been served, a case is not moot when an associated term of supervised release is ongoing.").