**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7739**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

DEONTE SPICER,

          Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Senior District Judge. (1:15-cr-00046-IMK-MJA-1)

Submitted: March 23, 2022                  Decided: March 29, 2022

Before AGEE, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Jenny R. Thoma, Research & Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant. William Ihlenfeld, United States Attorney, Andrew R. Cogar, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia; Devin L. Redding, Student Extern, WEST VIRGINIA UNIVERSITY COLLEGE OF LAW, Morgantown, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deonte Spicer appeals the district court's order denying relief on his 18 U.S.C. § 3582(c)(1)(A) motions for compassionate release. Discerning no reversible error, we affirm.[*]

We review for abuse of discretion the district court's denial of a compassionate release motion. *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021). In order to grant compassionate release, a district court must find (1) that extraordinary and compelling reasons warrant a sentence reduction, and (2) that a sentence reduction is justified under the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Kibble*, 992 F.3d 326, 330 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021).

Even assuming, as Spicer contends, that the district court erred in finding that Spicer's medical conditions, coupled with the Covid-19 pandemic, did not constitute an extraordinary and compelling basis for relief, we nevertheless conclude that the court acted well within its discretion in denying his motions based on the § 3553(a) factors. In this regard, the district court properly weighed Spicer's postsentencing rehabilitation efforts

---

[*] The parties report that, while this appeal was pending, the Bureau of Prisons (BOP) transferred Spicer from a federal penitentiary to a residential reentry center. Because Spicer's argument for compassionate release relied in part on the conditions at the penitentiary, the Government maintains that Spicer's transfer moots this appeal. But Spicer requested a sentence reduction, not just removal from his then-current place of incarceration. So, because Spicer remains in BOP custody, it is still possible that Spicer could obtain the relief he requested. Consequently, we are satisfied that this appeal is not moot. *See United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (cleaned up)).

2

and strong family support against the seriousness of the offense conduct—brutally stabbing a fellow inmate—Spicer's anger management issues, his history of committing violent crimes, and his overall poor prison disciplinary record. Balancing the good with the bad, the court reasonably concluded that a sentence reduction "would not promote respect for the law, deter future criminal conduct, or provide adequate punishment for [Spicer's] offense." Finally, we are unpersuaded by Spicer's claims that the district court misapprehended one of his arguments, overlooked certain evidence in the record, and arbitrarily decided that a time-served sentence would be insufficient to satisfy the goals of sentencing.

Accordingly, we affirm the district court's order. We deny as moot Spicer's motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*