**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-6371**

---

BRANDON MICHAEL PICKENS,

Petitioner - Appellant,

v.

TODD E. ISHEE, Secretary of North Carolina Department of Adult Corrections,

Respondent - Appellee.

---

**No. 24-6439**

---

BRANDON MICHAEL PICKENS,

Petitioner - Appellant,

v.

TODD E. ISHEE, Secretary of North Carolina Department of Adult Corrections,

Respondent - Appellee.

---

Appeals from the United States District Court for the Western District of North Carolina, at Statesville.  Martin K. Reidinger, Chief District Judge.  (5:22-cv-00169-MR)

---

Submitted:  August 27, 2024                    Decided:  August 30, 2024

---

Before KING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Brandon Michael Pickens, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While incarcerated by the State of North Carolina, Brandon Michael Pickens filed a 28 U.S.C. § 2254 petition requesting dismissal of his prison disciplinary conviction, which resulted in the loss of 30 days of good-time credit. The district court granted Respondent summary judgment and dismissed the petition, and Pickens appealed, which is the subject of No. 24-6371. Pickens also moved the court for reconsideration, which the court denied. Pickens' separate appeal of that order is the subject of No. 24-6439.[*] During the pendency of these appeals, Pickens was released from custody, having completed his term of imprisonment. We conclude that Pickens' release renders these consolidated appeals moot and dismiss the appeals accordingly.

"The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversies." *Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) (internal quotation marks omitted). "Because mootness is jurisdictional, we can and must consider it even if neither party has raised it." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018). "A case becomes moot, and thus deprives federal courts of subject matter jurisdiction, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016) (internal quotation marks omitted). "If an event occurs during the pendency of an appeal that makes

---

[*] These appeals were consolidated for consideration in this court.

it impossible for a court to grant effective relief to a prevailing party, then the appeal must be dismissed as moot." *Fleet Feet, Inc.*, 986 F.3d at 463 (internal quotation marks omitted).

We conclude that Pickens' request for remand for consideration of his § 2254 petition on the merits—and dismissal of his disciplinary conviction—is moot because Pickens has been released from prison. To the extent that Pickens ultimately seeks restoration of his good-time credit, that relief is also moot because any time Pickens allegedly overserved cannot be applied to shorten his parole term. *See United States v. Jackson*, 952 F.3d 492, 498 (4th Cir. 2020). Finally, we conclude that any collateral consequence of the prison disciplinary conviction remaining on Pickens' record is too speculative to satisfy Article III's case-or-controversy requirement.

Because Pickens' release means that the district court can no longer grant any effective relief, we dismiss these consolidated appeals as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*