**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4199

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWARD DANE JEFFUS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (6:92-cr-00184-WO-2)

Submitted:  November 18, 2024                    Decided:  November 26, 2024

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:**  George E. Crump, III, Rockingham, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Randall S. Galyon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Dane Jeffus appeals the district court's judgment revoking his supervised release and sentencing him to six months' imprisonment. During the pendency of this appeal, Jeffus was released from custody, and he is not serving an additional term of supervised release. On appeal, Jeffus argues that the district court erred in finding that he violated the conditions of his supervised release by a preponderance of the evidence.

"We . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Atkinson v. Godfrey*, 100 F.4th 498, 503 n.3 (4th Cir. 2024) (internal quotation marks omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (internal quotation marks omitted). "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed . . . ." *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (cleaned up).

Jeffus has already served his prison term for the supervised release revocation, and the district court did not impose any additional term of supervised release. Jeffus has not demonstrated any collateral consequences of the revocation judgment, and none are apparent from the record. Thus, there is no longer a live controversy regarding the revocation of Jeffus's supervised release, and his challenge to the revocation judgment is moot. *See United States v. Hardy*, 545 F.3d 280, 283-84 (4th Cir. 2008).

2

We therefore dismiss the appeal as moot.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*