**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4604

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IRVIN RAUL LEMUS VILLALOBOS, a/k/a Irvin Raul Villalobos-Lemus, a/k/a Irving Raul Lemus Villalobos,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:21-cr-00080-AJT-1)

Submitted:  December 20, 2024                          Decided:  January 10, 2025

Before GREGORY, AGEE, and RICHARDSON, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Valencia D. Roberts, Assistant Federal Public Defender, Patrick L. Bryant, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Joseph Attias, Assistant United States Attorney, Marc Birnbaum, Special Assistant United States Attorney, Daniel J. Honold, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Irvin Raul Lemus Villalobos appeals his conviction for illegal reentry after removal subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1). He argues that 8 U.S.C. § 1326 is unconstitutional because it violates the equal protection guarantee of the Fifth Amendment. Specifically, Villalobos maintains that § 1326 was enacted with a racially discriminatory purpose and has had a discriminatory effect. Villalobos also argues that the district court erred by imposing supervised release conditions in the written judgment that were not orally pronounced or explained at sentencing.

The Government moves for summary affirmance in light of our recent decision in *United States v. Sanchez-Garcia*, 98 F.4th 90 (4th Cir. 2024), in which we sustained the constitutionality of § 1326 against the same equal protection challenge Villalobos now raises. The Government contends that Villalobos's argument is foreclosed by *Sanchez-Garcia* and, thus, is "manifestly unsubstantial." *See* 4th Cir. R. 27(f)(1). Villalobos does not fairly dispute that *Sanchez-Garcia* forecloses his constitutional challenge. He maintains, however, that the issue is not frivolous, that *Sanchez-Garcia* was wrongly decided, and that he should be permitted to press the claim in further litigation. Because Villalobos's challenge to § 1326 is foreclosed by our decision in *Sanchez-Garcia*, we conclude that summary affirmance is warranted as to that portion of the appeal.

The Government does not attempt to demonstrate that Villalobos's challenge to his supervised release conditions is manifestly unsubstantial. The parties agree, however, that Villalobos's dispute with his supervised release conditions is now moot. Because Villalobos has completed his carceral sentence and the district court recently terminated

2

his supervised release, his challenge to the terms of his supervision is moot, and we lack jurisdiction to consider the issue. *See United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (discussing mootness).

Accordingly, we deny the Government's motion for summary affirmance in part and dismiss the appeal in part, insofar as Villalobos challenges his supervised release conditions. We grant the Government's motion for summary affirmance in part and affirm the district court's judgment in all remaining respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*