**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-6130**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERNEST CARL DARCUS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:07-cr-00418-REP-RCY-1)

Submitted:  July 31, 2025                           Decided:  September 11, 2025

Before WYNN and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Ernest Carl Darcus, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernest Carl Darcus, Jr., pled guilty, pursuant to a written plea agreement, to possession with intent to distribute 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a). At his sentencing hearing in 2009, the district court sentenced Darcus to 292 months' imprisonment followed by five years of supervised release. In 2019 and 2022, Darcus moved for a sentence reduction pursuant to § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("FSA"), which made retroactive changes in statutory penalties for crack offenses enacted in the Fair Sentencing Act of 2010. In his renewed motion, Darcus requested that the district court reduce his term of imprisonment from 292 months to time served and that his term of supervised release be reduced from five years to four years.

On January 22, 2025, President Joseph Biden granted clemency to Darcus through an executive grant of clemency. The executive grant left the term of supervised release imposed by the district court unaltered, including all its conditions and all other components of the sentence. Based on the executive grant of clemency, the district court denied Darcus's renewed § 404(b) motion as moot. Darcus appealed.

We review a district court's ruling on a motion for a sentence reduction under FSA § 404(b) under the deferential abuse-of-discretion standard of review. *See United States v. Smith*, 75 F.4th 459, 464 (4th Cir. 2023). A district court abuses its discretion only "when it acts arbitrarily or irrationally, fails to follow statutory requirements, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous

factual or legal premises, or commits an error of law." *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022) (citation modified).

"The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversies." *Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) (internal quotation marks omitted). "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks omitted).

We have adopted a unitary sentence framework that treats terms of supervised release as one component of a prisoner's unified sentence. *United States v. Venable*, 943 F.3d 187, 193-94 (4th Cir. 2019). Under the unitary sentence framework, "even when a prison term has ceased, a defendant serving a term of supervised release has a 'legally cognizable interest in the outcome' of a challenge to his sentence." *United States v. Ketter*, 908 F.3d 61, 65-66 (4th Cir. 2018) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). Here, Darcus is still serving a term of supervised release, and thus he still has a legally cognizable interest his FSA claim. Moreover, the FSA reduced the minimum term of supervised release for Darcus's offense, and, therefore, the district court could still reduce that term. There is thus still relief that the court could grant Darcus. *See Knox*, 567 U.S. at 307.

3

Accordingly, we deny Darcus's motion to appoint counsel, vacate the district court's order, and remand for further proceedings. We express no opinion on the merits of Darcus's FSA motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*