**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4130

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW HARRIS ENGLAND,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Frank W. Volk, Chief District Judge.  (5:23-cr-00093-1)

Submitted:  September 25, 2025                    Decided:  October 31, 2025

Before QUATTLEBAUM, Circuit Judge, and TRAXLER and KEENAN, Senior Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Lex A. Coleman, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Lisa G. Johnston, Acting United States Attorney, Lesley Shamblin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2023, a federal grand jury charged Matthew Harris England with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8) (Count 1), and possession of an unregistered short-barreled shotgun, in violation of the National Firearms Act (NFA), 26 U.S.C. §§ 5841, 5861(d), 5871 (Count 2). England moved to dismiss the indictment, arguing that both charged counts violated the Second Amendment in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). After the district court denied England's motion, he pled guilty, without a plea agreement, to both counts. The district court sentenced him to 20 months' imprisonment, to be followed by three years of supervised release.[1] On appeal, England reiterates his Second Amendment challenges.

As a preliminary matter, the Government argues that by entering an unconditional guilty plea, England waived the right to raise his as-applied constitutional challenges. "It is the general rule that when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea, and thus has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea." *United States v. Lozano*, 962 F.3d 773, 778 (4th Cir. 2020) (citation modified). But in *Class v. United States*, 583 U.S. 174, 178 (2018), the Supreme Court made clear that a

---

[1] England's March 2025 release from prison does not render this appeal moot, as he is challenging his convictions—rather than his sentence—and because he still has to serve his supervised release term. *See United States v. Ketter*, 908 F.3d 61, 65-66 (4th Cir. 2018) (discussing applicability of mootness doctrine in criminal appeals).

"guilty plea by itself [does not] bar[] a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal." This is so, the Court explained, because such claims "challenge the Government's power to criminalize [a defendant's] (admitted) conduct. They thereby call into question the Government's power to constitutionally prosecute him." *Id.* at 181-82 (citation modified).

The parties disagree as to whether as-applied constitutional challenges fall within the general rule, or within the *Class* exception. But because England concedes that his claims fail on the merits, "we need not resolve that issue." *See United States v. Pittman*, 125 F.4th 527, 531 (4th Cir. 2025) (observing that "it could be argued that [the defendant's] unconditional guilty plea . . . waived any as-applied constitutional challenges" but instead reviewing claim—which defendant forfeited by failing to raise in the district court—under applicable plain error standard).

Turning to the merits, "when reviewing the denial of a defendant's motion to dismiss an indictment, we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Skinner*, 70 F.4th 219, 223 (4th Cir. 2023) (citation modified). *Bruen* instructs that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 597 U.S. at 24 (citation modified). Thus, under *Bruen*'s two-step inquiry, the Court first "must ask whether the Second Amendment's plain text covers the conduct at issue. If not, that ends the inquiry: the

3

Second Amendment does not apply." *United States v. Price*, 111 F.4th 392, 398 (4th Cir. 2024) (en banc) (citation modified), *cert. denied*, 145 S. Ct. 1891 (2025).

England concedes that his challenges to Count 1 are foreclosed by *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024), and *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024). In *Canada*, we reaffirmed that § 922(g)(1) is facially constitutional. 123 F.4th at 160-62. In *Hunt*, "we conclude[d] that neither *Bruen* nor *Rahimi*[2] abrogates this Court's precedent foreclosing as-applied challenges to Section 922(g)(1)" and, in the alternative, "that Section 922(g)(1) would pass constitutional muster even if we were unconstrained by circuit precedent." 123 F.4th at 702.

England further concedes that his challenges to Count 2 are resolved by *United States v. Miller*, 307 U.S. 174 (1939), and *Price*, 111 F.4th 392. In *Miller*, the Supreme Court considered a challenge to the constitutionality of § 5861(d)'s predecessor and reasoned, "in the absence of any evidence tending to show that possession or use of a 'shotgun having a barrel of less than eighteen inches in length' at this time has some reasonable relationship to the preservation or efficiency of a well regulated militia, we cannot say that the Second Amendment guarantees the right to keep and bear such an instrument." 307 U.S. at 178 (citation modified). The Court later interpreted this holding in *District of Columbia v. Heller*, 554 U.S. 570 (2008), observing that "*Miller* stands . . . for the proposition that the Second Amendment right, whatever its nature, extends only to certain types of weapons," *id.* at 623, and that "the Second Amendment does not protect

---

[2] *United States v. Rahimi*, 602 U.S. 680 (2024).

4

those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns," *id.* at 625. And we are bound by *Price*, which affirmed that "[n]othing in *Bruen* abrogated *Heller*'s extensive discussion of the contours of the scope of the right enshrined in the Second Amendment." 111 F.4th at 400.

The district court therefore properly denied England's motion to dismiss the indictment. Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*