**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4035

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROY ALANZO RHYMER, III,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William J. Osteen, Jr., District Judge.  (1:19-cr-00427-WO-1)

Submitted:  February 3, 2026               Decided:  February 24, 2026

Before WYNN and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Graham T. Green, Craig M. Principe, GREEN PRINCIPE PLLC, Winston-Salem, North Carolina, for Appellant.  Randall S. Galyon, Acting United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roy Alanzo Rhymer, III, appeals the district court's judgment revoking his supervised release and sentencing him to seven months' imprisonment followed by two years of supervised release.[*] Rhymer contends that the district court erred in finding that he violated the supervised release conditions requiring him to work 30 hours per week and prohibiting access to firearms and ammunition. Rhymer also asserts that his revocation sentence is plainly unreasonable. We affirm.

A court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). We review a district court's revocation decision for abuse of discretion and its factual findings underlying the revocation for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015).

The amended revocation petition alleged that Rhymer violated eight conditions of supervised release. Rhymer pleaded guilty to six violations but argued that he worked at least 30 hours per week and that he did not have constructive possession of firearms and ammunition. The district court heard extensive argument from Rhymer, heard testimony of witnesses, and thoroughly weighed the evidence regarding Rhymer's employer's verification of employment and his access to a firearm and ammunition. Ultimately, the

---

[*] Although Rhymer has been released from incarceration, his appeal is not moot because he is currently serving his two-year term of supervised release. *See United States v. Ketter*, 908 F.3d 61, 66 (4th Cir. 2018) (holding that defendant's appeal of term of incarceration is not rendered moot by his release when he is still serving supervised release term).

2

court found that Rhymer was not working full time after he moved to Salisbury, North Carolina, because he ceased to provide paystubs verifying his employment and failed to provide any type of confirmation of his work for that period. The court also considered Rhymer's GPS location from his ankle monitor, which indicated that Rhymer was not driving trucking routes during the period in question. As for Rhymer's access to the firearm and ammunition, after considering the evidence from the search of his apartment and hearing undisputed testimony regarding fabricated stories Rhymer told to the probation office, the court found that Rhymer knew about the firearm found in the apartment. We discern no abuse of discretion in the district court's revocation of supervised release.

Further, "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Accordingly, we "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* "To determine whether a revocation sentence is plainly unreasonable, we first assess whether it is procedurally or substantively unreasonable, under a deferential appellate posture." *United States v. Walton*, 145 F.4th 476, 486 (4th Cir. 2025) (internal quotation marks omitted), *cert. denied*, No. 25-6271, 2026 WL 79708 (U.S. Jan. 12, 2026). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding

3

Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Walton*, 145 F.4th at 486 (internal quotation marks omitted). "A sentence within the policy statement range is presumed reasonable, though the sentencing court retains broad discretion to impose a term of imprisonment up to the statutory maximum." *Padgett*, 788 F.3d at 373 (citation modified).

Here, Rhymer challenges the district court's weighing of the § 3553(a) factors in fashioning his sentence. At the continued hearing, the district court weighed the circumstances and Rhymer's arguments in detail. The court noted how Rhymer started his supervised release positively, with records showing that he was working full time and benefitting from his partner's influence. The court noted, however, that Rhymer subsequently violated curfew 15 times in six months, including instances where he lied or other lied on his behalf. This downward trajectory extended to work, where Rhymer failed to cooperate with the probation office in providing records. The court explained that the conduct represented a Grade C violation and that Rhymer additionally committed a new offense by constructively possessing ammunition that was in an unlocked cabinet in his apartment. After finding that Rhymer initially did positive things under supervision before the move to Salisbury, the court found that imposing a sentence at the high end of the policy statement range would not account for this growth; accordingly, it sentenced Rhymer to the low end of the range. We conclude that the court offered a clear explanation for imposing a seven-month sentence. Rhymer also has not rebutted the presumption that his sentence within his policy statement range is substantively reasonable. Because we

4

conclude that Rhymer's sentence is reasonable, we need not consider whether the sentence is plainly unreasonable.

Accordingly, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*