**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4108**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS DREW BESS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, Senior District Judge.  (2:20-cr-00024-1)

Submitted:  November 18, 2021                  Decided:  November 19, 2021

Before MOTZ and HARRIS, Circuit Judges.*

Affirmed by unpublished per curiam opinion.

Richard W. Weston, WESTON | ROBERTSON, Hurricane, West Virginia, for Appellant. Lisa G. Johnston, Acting United States Attorney, L. Alexander Hamner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

---

\* This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Drew Bess appeals the 360-month sentence imposed following his guilty plea, without a plea agreement, to conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. On appeal, Bess contends that the district court erred in applying a four-level sentencing enhancement based on his leadership role in the organization, pursuant to U.S. Sentencing Guidelines Manual § 3B1.1 (2018). Bess also challenges his classification as a career offender under USSG § 4B1.1. Finding no reversible error, we affirm.

We "review[] a sentence for reasonableness, . . . appl[ying] a deferential abuse-of-discretion standard." *United States v. Ketter*, 908 F.3d 61, 67 (4th Cir. 2018) (internal quotation marks omitted). We "must first ensure that the district court committed no significant procedural error," such as improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) sentencing factors, or inadequately explaining the sentence imposed. *Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentence is free from significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.*

"In assessing whether a sentencing court has properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo." *United States v. Thompson*, 874 F.3d 412, 414 (4th Cir. 2017) (internal quotation marks omitted); *see United States v. Thorson*, 633 F.3d 312, 317 (4th Cir. 2011) (recognizing that district court's determination that defendant was "an organizer or leader" is factual finding reviewed for clear error). A defendant qualifies for a four-level enhancement if he "was

3

an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). Factors distinguishing a leadership or organization role from lesser roles include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1 cmt. n.4.

In determining that the four-level enhancement applied, the district court considered a U.S. Postal Inspector's testimony at sentencing about both the investigation into the conspiracy as well as the debrief of one of Bess' coconspirators. The court found by a preponderance of the evidence that, in furtherance of the conspiracy, Bess would fly to California from Florida, obtain drugs, and mail them to West Virginia to various coconspirators—involving at least five individuals—for sale in West Virginia. Text messages between Bess and a coconspirator confirmed Bess' involvement and oversight of the operation. We conclude that the district court did not clearly err in applying a four-level leadership enhancement under USSG § 3B1.1 based on these facts.

Bess next contends, and the Government concedes, that his career offender enhancement was erroneously applied because a conspiracy conviction under 21 U.S.C. § 846 is not categorically a "controlled substance offense," as required by USSG § 4B1.1. *See United States v. Norman*, 935 F.3d 232, 239 (4th Cir. 2019). The Government argues that this error is harmless because the career offender enhancement increased only Bess'

4

criminal history category (from category V to category VI) and had no impact on his Sentencing Guidelines range, which remained 360 months to life imprisonment.

"[I]t is unnecessary to vacate a sentence based on an asserted [G]uidelines calculation error if we can determine from the record that the asserted error is harmless." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017).

> A Guidelines error is considered harmless if we determine that (1) the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor.

*United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). Here, the erroneous application of the career offender enhancement had no impact on Bess' Sentencing Guidelines range. In addition, the district court emphasized its belief that it would be justified in imposing a life sentence in light of Bess' prolific criminal history, and that a sentence any lower than 360 months would not adequately address the statutory sentencing goals. In light of the thoroughness of the district court's reasoning and the deferential standard of review we apply when reviewing criminal sentences, *Gall*, 552 U.S. at 41, we conclude that any error in the district court's application of the career offender enhancement was harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5