**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4444

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID HANDY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:18-cr-00336-GLR-1)

Submitted:  February 10, 2022                    Decided:  March 24, 2022

Before WYNN, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  James Wyda, Federal Public Defender, Baltimore, Maryland, Joanna Silver, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Brandon K. Moore, Assistant United States Attorney, Christine O. Goo, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Handy pled guilty in February 2019 to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  At sentencing, the district court enhanced Handy's offense level four levels under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) for use or possession of a firearm in connection with the felony offense of reckless endangerment violating Maryland state law based on his involvement in a shooting incident, calculated a Guidelines range of 27 to 33 months' imprisonment, and sentenced Handy to 24 months' imprisonment.

On appeal, Handy challenges this prison term, arguing that the district erred by not considering – with respect to his assertion of self-defense to the offense of reckless endangerment – if his escape route from the shooting incident was safe and, to the extent the court considered the escape route to be safe, that the conclusion that the route was safe was clearly erroneous.  Handy also maintains that the district court erred in its explanation of the sentence by failing to consider his argument regarding the deterrent effect of being shot in the chest and almost dying made in support of a sentence at the low end of the 15-to-21-month Guidelines range that he asserted would apply if the enhancement under USSG § 2K2.1(b)(6)(B) did not.  We affirm.[1]

---

[1] During the pendency of this appeal, Handy was released from prison. We nevertheless conclude that, because Handy is still serving a three-year term of supervised release, this appeal is not moot. *See United States v. Ketter*, 908 F.3d 61, 65–66 (4th Cir. 2018).

2

"As a general matter, in reviewing any sentence 'whether inside, just outside, or significantly outside the Guidelines range,' we apply a 'deferential abuse-of-discretion standard.'" *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Under this standard, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017). "We first review for procedural errors; if and only if, we find no such procedural errors may we assess the substantive reasonableness of a sentence." *Id.* (cleaned up). In evaluating the procedural reasonableness of a sentence, we assess whether the district court improperly calculated the Guidelines range, failed to consider the 18 U.S.C. § 3553(a) factors, or failed to adequately explain the chosen sentence. *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020).

"It is well established[, however,] that we will not vacate a sentence if we determine that the district court's improper calculation of the Guidelines advisory sentencing range was harmless." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019). As the Government suggests, we need not resolve Handy's challenges to the district court's Guidelines ruling but may instead "proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). A sentencing error is harmless if: "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *Mills*, 917 F.3d at 330 (cleaned up). Here, the first prong of the inquiry is easily met. The district court stated after imposing the 24-month term that it would have

3

found that sentence reasonable had the four-level enhancement under § 2K2.1(b)(6)(B) not necessarily applied and noted in its statement of reasons that the sentence imposed would have been the same even if the four-level enhancement was inapplicable. *See id.* (noting that record in a case may show "that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range" and concluding that court's statement that particular prison term was one it would have imposed even had another Guidelines range been applicable met the first prong of the inquiry (internal quotation marks omitted)). "We therefore proceed to the second prong of the inquiry, whether the district court's sentence [is] substantively reasonable." *Id.* at 331 (internal quotation marks omitted).

In reviewing the substantive reasonableness of a variant sentence, we "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). Although a district court's "explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (cleaned up). Because this court's review is ultimately for an abuse of discretion, we accord "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). In this posture, even if "we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (cleaned up).

4

Applying these principles, we conclude that Handy's 24-month prison term does not amount to an abuse of discretion under the totality of the circumstances, even if the applicable Guidelines range was the 15-to-21-month prison range for which Handy had advocated. The district court provided a sufficiently detailed explanation of the applicable § 3553(a) factors motivating its chosen sentence, focusing primarily on the nature and circumstances of Handy's offense conduct and the danger posed by it, noting that Handy had not only had displayed "very poor judgment" and "really poor decision making" in illegally possessing a stolen revolver he had "no business" possessing but also had discharged it during the shooting incident and then attempted to discard it by trying to throw it onto the roof of a nearby club, acts it viewed as posing a high probability of death or serious injury to others. The court noted Handy's personal characteristics, his acceptance of responsibility and remorse, the physical and mental effects he sustained as a result of being shot, and his community and family involvement. The court explained that the sentence also was warranted to promote deterrence and to reflect the "extraordinarily serious" nature of Handy's criminal conduct. In sum, the district court acted well within its discretion in determining that the applicable sentencing factors warranted a 24-month prison term, regardless of the alleged error in the application of the four-level enhancement under USSG § 2K2.1(b)(6)(B). *See United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to accord more weight to a host of aggravating factors in defendant's case and decide that the sentence imposed would serve the § 3553 factors on the whole).

5

Handy raises on appeal no challenge to the substantive reasonableness of the 24-month prison term. Rather, he raises an additional challenge relative to its procedural reasonableness, arguing that, as evidenced by its explanation, the district court did not consider his mitigating argument made in support of a 15-month prison term, namely, that being shot during the shooting incident and almost dying would deter him from future criminal conduct. We, however, "have consistently framed our reasonableness inquiry in [assumed error harmlessness] review as being focused on *substantive* reasonableness." *Mills*, 917 F.3d at 332 (internal quotation marks omitted).

Because the "dispositive question" of whether the 24-month prison term is substantively reasonable under the facts of this case, *see United States v. Hargrove*, 701 F.3d 156, 163 (4th Cir. 2012), *cited with approval in Mills*, 917 F.3d at 332, is answered in the affirmative, we affirm the criminal judgment.[2] We deny Handy's motion for expedited oral argument and dispense with oral argument because the facts and legal

---

[2] After the completion of formal briefing in this case, we entered an order directing the parties to file supplemental briefs on the impact, if any, of *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm"), and *United States v. Gary*, 954 F.3d 194, 200, 208 (4th Cir. 2020) (holding that "a standalone *Rehaif* error satisfies plain error review because such an error is structural, which per se affects a defendant's substantial rights," and warrants correction on appeal), on Handy's conviction. Following entry of that order, the Government moved without objection to suspend supplemental briefing, and we granted that motion. Later, in June 2021, the Supreme Court reversed this court's decision in *Gary*. *Greer v. United States*, 141 S. Ct. 2090, 2101 (2021). Given that reversal, and consistent with our decision in *United States v. Johnson*, 812 F. App'x 126, 127 n.* (4th Cir. 2020) (No. 19-4008) (finding waived claim of *Rehaif* error not raised in opening brief filed after decision had issued), we decline to continue with supplemental briefing.

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED*