**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4667

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AARON MICHAEL DOHOGN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:15-cr-00121-LCB-1)

Submitted:  May 18, 2023                                Decided:  May 22, 2023

Before NIEMEYER, RICHARDSON, and RUSHING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Laura J. Dildine, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2015, Aaron Michael Dohogn pleaded guilty to possession of machine guns, in violation of 18 U.S.C. § 922(o), and the district court sentenced him to 52 months' imprisonment, followed by three years' supervised release.  In 2020, the district court revoked Dohogn's supervised release and sentenced him to eight months' imprisonment followed by a further two-year term of supervised release.  The court then again revoked Dohogn's supervised release, sentencing him in November 2022 to 14 months' imprisonment with no term of supervised release to follow.  Dohogn seeks to appeal this last revocation judgment. While this appeal was pending, Dohogn was released from custody.

"When a case or controversy ceases to exist—either due to a change in the facts or the law—the litigation is moot, and [our] subject matter jurisdiction ceases to exist also." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (internal quotation marks omitted). "Because mootness is jurisdictional, we can and must consider it even if neither party has raised it." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018).  Dohogn has already served his sentence and faces no additional term of supervised release; thus, there is no longer a live controversy.  Dohogn's challenge to the sentence imposed upon the most recent revocation of his supervised release is therefore moot. *See United States v. Hardy*, 545 F.3d 280, 283-84 (4th Cir. 2008).

2

Accordingly, we dismiss the appeal for lack of jurisdiction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*