**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4681**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTAFER DOUGLAS FRIEND,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  John A. Gibney, Jr., Senior District Judge.  (2:22-cr-00042-JAG-RJK-1)

─────────────

Submitted:  November 30, 2023                    Decided:  December 7, 2023

─────────────

Before WILKINSON and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Keith Loren Kimball, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jacqueline Romy Bechara, Alexandria, Virginia, Emily Rebecca Gantt, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christafer Douglas Friend seeks to appeal the life sentence imposed following his guilty plea, pursuant to a written plea agreement, to attempted sex trafficking of a minor, in violation of 18 U.S.C. §§ 2, 1591(a)(1), (b)(1).  The district court additionally imposed a lifetime term of supervised release.  Friend raises two challenges on appeal.  First, he contends that his life sentence is substantively and procedurally unreasonable.  Second, he argues that the district court reversibly erred by including a discretionary condition of supervised release (the "special computer condition")[*] in the written judgment that it did not orally pronounce at sentencing.  Friend contends that this error requires us to vacate his sentence and remand for resentencing.

Invoking the waiver of appeal rights contained in the plea agreement, the Government has moved to dismiss the appeal to the extent Friend challenges the reasonableness of his sentence.  The Government also moves to vacate, in part.  It acknowledges the district court's error in failing to pronounce the special computer condition and concedes that this argument is not barred by the appeal waiver.  However, the Government argues that, for various reasons, a full resentencing is inappropriate.

---

[*] This condition mandates that Friend

> shall not own or have a computer in his residence or place of employment. Also, the defendant shall not use a computer to access any online computer services in any location, including employment, without the prior approval of the probation officer.  This includes any internet service provider bulletin board systems, or any other public or private computer network.

(J.A. 154). "J.A." refers to the joint appendix filed by the parties in this appeal.

2

A district court is required to orally pronounce at sentencing all discretionary conditions of supervised release. *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020); *see also United States v. Singletary* (*Singletary I*), 984 F.3d 341, 345 (4th Cir. 2021). This requirement "is a critical part of the defendant's right to be present at sentencing," *Rogers*, 961 F.3d at 300 (internal quotation marks omitted), and ensures the defendant has an opportunity to challenge unwarranted conditions before they are imposed, *id.* at 298. The usual remedy for a *Rogers/Singletary* error is to vacate the sentence and remand for a full resentencing. *See Singletary I*, 984 F.3d at 346 & n.4.

The Government argues that, in light of Friend's life sentence, a full resentencing is unwarranted because Friend "likely will never be subject to the challenged condition." The Government therefore suggests that the appropriate remedy is either simply to vacate the special computer condition, or to vacate the condition and remand for resentencing on that condition only. However, "defendants with valid *Singletary* claims are entitled to a full vacatur of their sentences and remand for resentencing." *United States v. Singletary* (*Singletary II*), 75 F.4th 416, 427 n.7 (4th Cir. 2023) (noting, however, that defendants raising such claims can "elect to request a narrower remedy, in the form of a limited remand on only the challenged conditions"). Friend does not request a narrower remedy.

Although the Government attempts to distinguish these cases, we find the Government's arguments for departing from our established precedent unpersuasive. We have recognized that "custodial and supervised release terms [are] components of one unified sentence." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018); *see Singletary I*, 984 F.3d at 346 & n.4 (rejecting suggestion to "simply . . . strike" challenged conditions

3

from written judgment and reiterating that "*Rogers* drew no distinction between the defendant's supervised release sentence and his custodial sentence"). Accordingly, we find that the usual remedy for a *Rogers* error is appropriate in this case. Because this "leaves us with no occasion to reach [Friend's] other arguments," *Singletary I*, 984 F.3d at 346, we deny the Government's motion.

We therefore vacate Friend's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*