**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4523**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

PATRICK O'NEAL HARRIS,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:17-cr-00190-CCE-1)

---

Submitted:  March 12, 2024                                    Decided:  March 14, 2024

---

Before GREGORY, RICHARDSON, and BENJAMIN, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**ON BRIEF:**  Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant.  Tracy Maria Williams-Durham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick O'Neal Harris appeals the district court's judgment revoking his supervised release and imposing a six-month sentence. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning whether the district court properly revoked Harris' supervised release and whether the revocation sentence is reasonable. Harris has filed pro se supplemental briefs raising claims of ineffective assistance of counsel and violations of his constitutional rights. While this appeal was pending, Harris was released from custody.

"A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Star v. TI Oldfield Dev., LLC*, 962 F.3d 117, 130 (4th Cir. 2020) (internal quotation marks omitted). "Because mootness is jurisdictional, we can and must consider it even if neither party has raised it." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018). "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (cleaned up).

Harris has already served his sentence, and he faced no additional term of supervised release. Thus, there is no longer a live controversy. Harris' challenge to the revocation of his supervised release is therefore moot. *See United States v. Hardy*, 545 F.3d 280, 283-84 (4th Cir. 2008).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no grounds upon which we have jurisdiction. Accordingly, we dismiss the appeal

2

as moot.  This court requires that counsel inform Harris, in writing, of the right to petition the Supreme Court of the United States for further review.  If Harris requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Harris.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*