**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4054

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MONTELLO MARQUETTE HOOD,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Joseph F. Anderson, Jr., Senior District Judge.  (0:10-cr-00707-JFA-1)

Submitted:  July 17, 2024                                    Decided:  August 1, 2024

Before WILKINSON, KING, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:** Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellee.  William Kenneth Witherspoon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Montello Marquette Hood appeals the district court's judgment revoking his supervised release and sentencing him to five months' imprisonment. During the pendency of this appeal, Hood was released from custody. Hood's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court erred in revoking Hood's supervised release but acknowledging that the appeal likely is moot. The Government moves to dismiss the appeal as moot. Hood was notified of his right to file a pro se supplemental brief but has not done so.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States v. Ketter,* 908 F.3d 61, 65 (4th Cir. 2018) (internal quotation marks omitted). "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed . . . ." *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (cleaned up).

Hood has already served his prison term, and the district court did not impose any additional term of supervised release. Hood has not demonstrated any collateral consequence of the revocation judgment, and none is apparent from the record. Thus, there is no longer a live controversy regarding the revocation of Hood's supervised release, and his challenge to the revocation judgment is moot. *See United States v. Hardy*, 545 F.3d 280, 283-84 (4th Cir. 2008).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no grounds upon which we have jurisdiction. Accordingly, we grant the Government's motion and dismiss the appeal as moot. This court requires that counsel inform Hood, in writing, of the right to petition the Supreme Court of the United States for further review. If Hood requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hood.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*