**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-4208**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

QUANDELLA WALKER,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:18-cr-00194-RJC-SCR-1)

───────────────

Submitted:  September 30, 2024              Decided:  October 23, 2024

───────────────

Before GREGORY, QUATTLEBAUM, and BERNER, Circuit Judges.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quandella Walker appeals the district court's judgment revoking her supervised release and sentencing her to eight months' imprisonment. During the pendency of this appeal, Walker was released from custody. Walker's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Walker's revocation sentence is reasonable but acknowledging that the appeal is moot. Walker was notified of her right to file a pro se supplemental brief but has not done so. We dismiss the appeal for lack of jurisdiction.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (internal quotation marks omitted). "Because mootness is jurisdictional, we can and must consider it even if neither party has raised it." *Id.* "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (cleaned up).

Walker has already served her sentence, and she is not subject to an additional term of supervised release. Moreover, Walker has not demonstrated any collateral consequence of the revocation judgment, and none is apparent from the record. Thus, there is no longer a live controversy regarding the revocation of Walker's supervised release, and we are satisfied that her challenge to the revocation judgment is moot. *See United States v. Hardy*, 545 F.3d 280, 283-84 (4th Cir. 2008).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no grounds upon which we have jurisdiction.  Accordingly, we dismiss the appeal as moot.

This court requires that counsel inform Walker, in writing, of the right to petition the Supreme Court of the United States for further review.  If Walker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Walker.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*