**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4518**

---

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

JONATHAN HOUGH, a/k/a Tre,

> Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:15-cr-00099-FL-1)

---

Submitted:  May 22, 2025                                Decided:  May 27, 2025

---

Before KING, AGEE, and WYNN, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**ON BRIEF:**   Mark R. Sigmon, MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC, Raleigh, North Carolina, for Appellant.   David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Hough seeks to appeal the district court's judgment revoking his supervised release and imposing a 21-month sentence.  Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no meritorious grounds for appeal because Hough's appeal appears to be moot but questioning whether the district court properly revoked Hough's supervised release and whether the revocation sentence is reasonable.  Although notified of his right to do so, Hough has not filed a pro se supplemental brief.  As *Anders* counsel notes, Hough was released from custody while this appeal was pending.  We dismiss.

"A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Star v. TI Oldfield Dev., LLC*, 962 F.3d 117, 130 (4th Cir. 2020) (internal quotation marks omitted).  "Because mootness is jurisdictional, we can and must consider it even if neither party has raised it." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018).  "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (cleaned up).

Hough has already served his sentence, and he faced no additional term of supervised release.  Thus, there is no longer a live controversy.  Hough's challenge to the revocation of his supervised release is therefore moot.  *See United States v. Hardy*, 545 F.3d 280, 283-84 (4th Cir. 2008).

2

In accordance with *Anders*, we have reviewed the entire record in this case and have found no grounds upon which we have jurisdiction. Accordingly, we dismiss the appeal as moot. This court requires that counsel inform Hough, in writing, of the right to petition the Supreme Court of the United States for further review. If Hough requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hough. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*