**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-6197**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

YONG CHEN,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, Senior District Judge.  (1:21-cr-00146-DKC-4)

Submitted:  January 22, 2026               Decided:  January 27, 2026

Before AGEE, RICHARDSON, and HEYTENS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:**  Marc G. Hall, LAW OFFICE OF MARC G. HALL, P.C., Greenbelt, Maryland, for Appellant.  David Christian Bornstein, Assistant United States Attorney, Christina Ann Hoffman, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yong Chen pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. The district court sentenced Chen to a term of 36 months' imprisonment and three years of supervised release.* He seeks to appeal his conviction and sentence. Chen's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal. Chen has not filed a supplemental pro se brief despite receiving notice of his right to do so.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4). Because the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), we generally decline to dismiss an untimely criminal appeal absent a timely motion from the Government, *United States v. Oliver*, 878 F.3d 120, 129 (4th Cir. 2017). However, when adjudicating an untimely criminal appeal "would significantly implicate the efficiency and integrity of the judicial process," *id.* at 127, we may exercise our inherent authority to dismiss the appeal sua sponte, *id.* at 128-29.

---

\* Chen's June 2025 release from incarceration does not render this appeal moot, because "an associated term of supervised release is ongoing," *United States v. Ketter*, 908 F.3d 61, 66 (4th Cir. 2018).

2

The district court entered judgment on July 26, 2023, and the appeal period expired on August 9, 2023. Chen dated his notice of appeal March 3, 2025, over 18 months later. Because Chen failed to file a timely notice of appeal or to obtain an extension of the appeal period, the appeal is untimely. Although the Government has not invoked the appeal's untimeliness, we conclude that this appeal presents one of the circumstances that warrants sua sponte dismissal, *see id.*, and we therefore dismiss the appeal as untimely.

This court requires that counsel inform Chen, in writing, of the right to petition the Supreme Court of the United States for further review. If Chen requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Chen.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*