**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4530**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY LARGENT,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:08-cr-00009-GMG-RWT-1)

Submitted:  April 1, 2026                                Decided:  April 22, 2026

Before WYNN and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Nicholas J. Compton, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Randolph Bernard, Acting United States Attorney, Kimberley D. Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Largent appeals the district court's judgment revoking his supervised release and sentencing him to 18 months' imprisonment followed by a lifetime of supervised release.* Largent contends that the district court erred in modifying his terms of supervised release without holding a separate hearing, in violation of Fed. R. Crim. P. 32.1(c) and his due process rights. He also asserts that his revocation sentence is procedurally and substantively unreasonable. We affirm.

Largent first argues that the district court erred in modifying the terms of his supervised release by imposing a stricter condition of supervised release at his supervised release revocation hearing. The modified condition required him to obtain permission from the district court, rather than the probation office, to have contact with minors. Largent contends that modifying this condition required notice and a separate hearing. *See* Fed. R. Crim. P. 32.1(c)(1), (2). Because Largent did not object during the hearing when the condition was modified or to the subsequent order, we review for plain error. To succeed on plain error review, a defendant "must establish that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022) (citation modified). "Even if all three factors are satisfied,

_____

* Although Largent has been released from incarceration, his appeal is not moot because he is still serving his lifetime term of supervised release. *See United States v. Ketter*, 908 F.3d 61, 66 (4th Cir. 2018) (holding that defendant's appeal of term of incarceration is not rendered moot by his release when he is still serving supervised release term).

2

we exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation modified).

Even had the district court erred, we conclude that the modification of the supervised release condition did not affect Largent's substantial rights. The district court modified the condition during a hearing in which Largent was represented by counsel and had the opportunity to offer mitigating evidence. Therefore, Largent has not demonstrated plain error in the district court's modification. *See also United States v. King*, 608 F.3d 1122, 1130 (9th Cir. 2010) ("[A] Rule 32.1(c) *modification*—as opposed to a Rule 32.1(b) *revocation*—does not require an evidentiary hearing or a violation finding.").

Largent also argues that his sentence is procedurally and substantively unreasonable. "A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Accordingly, we "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* "To determine whether a revocation sentence is plainly unreasonable, we first assess whether it is procedurally or substantively unreasonable, under a deferential appellate posture." *United States v. Walton*, 145 F.4th 476, 486 (4th Cir. 2025) (internal quotation marks omitted), *cert. denied*, No. 25-6271, 2026 WL 79708 (U.S. Jan. 12, 2026). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

3

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Walton*, 145 F.4th at 486 (internal quotation marks omitted). Although the sentencing court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence . . . it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (internal quotation marks omitted). Indeed, a revocation sentence "need not always be accompanied by a fulsome explanation for [the court's] acceptance or rejection of the parties' arguments in favor of a particular sentence because, in many circumstances, a court's acknowledgment of its consideration of the arguments will suffice." *Patterson*, 957 F.3d at 438.

"[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (citation modified). Where, as here, a court imposes a sentence above the policy statement range, the court must explain why that sentence "better serves the relevant sentencing [factors]." *Id.* at 209 (internal quotation marks omitted). "[A] major departure from the Guidelines should be supported by a more significant justification than a minor one." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (citation modified).

Largent first argues that the district court did not sufficiently explain the sentence and did not consider his arguments regarding his good behavior, positive polygraph test

4

results, and unwarranted sentencing disparities.  We conclude that the court offered a clear explanation for imposing the 18-month sentence.  The court sufficiently explained that Largent's breach of trust with the court, dishonesty to his probation officer, and his repeated violations proved that Largent had not followed the terms of his supervised release and necessitated the sentence imposed—an implicit rejection of Largent's good behavior and honesty claims.  U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. 3(b)  ("[A]t revocation the  [district]  court  should  sanction  primarily  the defendant's breach of trust.").

The court also noted the relevant § 3553(a) factors in describing the significance of the violation: Largent's criminal history, the need for deterrence, and protection of the public.  The court further noted that it denied Largent's request for a continuance to demonstrate improved behavior because of this breach of trust.  Similarly, the court also sufficiently explained why the departure outside the policy statement range was appropriate in light of the nature of Largent's violation.  Finally, the cases Largent cited were not analogous to the district court's focus on Largent's breach of trust.  Because we conclude that Largent's sentence is procedurally and substantively reasonable, we need not consider whether the sentence is plainly unreasonable.

Accordingly, we affirm the district court's revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

5